IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael K. Rosier, | ) | Case No.: 2:17-cv-1306 |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| TargetX; TargetX.com; | ) | |
| TargetX.com Incorporated; | ) | |
| TargetX.com, L.L.C.; TargetX.comm; | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 21) recommending that the Court Grant Defendants' Partial Motion to Dismiss (Dkt. No. 13). For the reasons set forth below, the Court adopts the R. & R. as the order of the Court.

## I. Background and Relevant Facts

Plaintiff filed an Amended Complaint in this employment action on July 26, 2017 with three causes of action containing five distinct claims. (Dkt. No. 7.) Plaintiff's First Cause of Action is a discrimination claim under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 et seq. (Dkt. No. 7 ¶¶ 15-18.) Plaintiff's Second Cause of Action is a retaliation claim under the ADA. (Dkt. No. 7 ¶¶ 19-26.) Plaintiff's Third Cause of Action contains the following three claims: violation of Title VII of the Civil Rights Act of 1964, violation of the South Carolina Human Affairs Law ("SCHAL"), and a state law claim for wrongful termination in violation of public policy. (Dkt. No. 7 ¶¶ 27-31.) Defendant

TargetX.com, L.L.C. has moved to dismiss (1) the retaliation claim under the ADA; (2) the Title VII claim; (3) the SCHAL claim; and (4) the claim for wrongful discharge in violation of public policy. (Dkt. No. 13.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the absence of any specific objections to the R. & R., "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III. Discussion

First, the Magistrate Judge recommends that this Court grant Defendants' motion to dismiss Plaintiff's retaliation claim under the ADA because Plaintiff failed to exhaust his claim under the ADA's retaliation provision, 42 U.S.C. § 12203. (Dkt. No. 21 at 7.) Second, the Magistrate Judge recommends that this Court grant Defendants' motion to dismiss Plaintiff's Title VII claim because Plaintiff has failed to allege a cognizable claim or to exhaust any claim under Title VII. (*Id.* at 8.) Third, the Magistrate Judge recommends that this Court grant Defendants' motion to dismiss Plaintiff's SCHAL claim because Plaintiff has not filed a complaint with the SHAC as required under the the SCHAL. (*Id.* at 10.) Finally, the Magistrate

Judge recommends that this Court grant Defendants' motion to dismiss Plaintiff's wrongful discharge claim because Plaintiff abandoned the claim by failing to respond to Defendants' arguments in their motion to dismiss and, in the alternative, the claim is barred because an existing statutory remedy exists for Plaintiff's state law wrongful discharge claim. (*Id.* at 11.)

No party has filed Objections to the R. & R., and the deadline to file Objections (April 11, 2018) has passed. In the absence of any specific objections to the R. & R., "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). The Court has considered each of the four claims that Defendants have moved to dismiss and determined that the Magistrate Judge has correctly applied the controlling law to the facts relevant to each claim.

## IV. Conclusion

For the reasons set forth above, the Court adopts the R. & R. (Dkt. No. 21) as the order of the Court. Defendants' Partial Motion to Dismiss (Dkt. No. 13) is GRANTED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April __/6__, 2018
Charleston, South Carolina